148

**WELCH, HOLME & CLARK CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.**

Docket No. 12102.    Promulgated November 13, 1928.

*Frank C. Myers, Esq.,* for the petitioner.
*Frank S. Easby-Smith, Esq.,* for the respondent.

150

## OPINION.

MORRIS: The sole question presented for our consideration is whether the respondent erred in reducing the petitioner's invested capital for 1920 by $66,357.04, representing the amount paid by it for the one-fourth interest of Peter A. Welch in the partnership of Welch, Holme & Clark. The reduction of invested capital in controversy appears in respondent's deficiency notice and also in the petitioner's allegation of error as $68,812.30, which amount we find, from the evidence and statement of counsel, to be erroneous.

It is true that the petitioner acquired certain assets, including $31,187.70 of good will, representing the three-fourths interest of Sherrill and Clark in the partnership of Welch, Holme & Clark, for $100,000 of its capital stock, and furthermore, that Welch's interest, according to the evidence before us, was not included as a part of that transaction, but it is inconceivable to us that Welch, the owner of the remaining one-fourth interest in the partnership, owned only an intangible asset in the form of good will, which was acquired, as the petitioner contends, from Welch's assignee for $66,357.04. Welch, we must assume, for there is nothing before us to the contrary, was a general partner and an unqualified owner of one-fourth of all the assets of the partnership of which he was a member, including tangible as well as intangible property. It is, therefore, appropriate to inquire, in the absence of a clear record of the transaction, just how Welch became the owner of $66,357.04 of the partnership's good

will, which is in addition to good will amounting to $31,187.70 acquired by the petitioner from Sherrill and Clark in consideration of its capital stock, and furthermore, what happened to the tangible assets which belonged to Welch, as the one-fourth owner of all the assets of the copartnership. The minutes of the stockholders' meeting recording the terms and conditions of the transactions with Welch's assignee recite that the undivided interest "which belonged to Peter A. Welch" was purchased by the petitioner for $66,357.04, payable in promissory notes. There is no direct evidence that the partnership of Welch, Holme &. Clark was the possessor of good will to the extent claimed, nor is there any satisfactory evidence that the amount in question represents good will. In fact, on the contrary, the documentary evidence indicates to us that the sum in question was paid for the undivided interest of Welch in the partnership, which must have included something other than what the petitioner is urging as good will. The mere fact that this amount was carried in the good will account by the petitioner is not conclusive nor is it sufficiently pursuasive to satisfy us that it actually represented good will, particularly in view of the other circumstances evidenced by the record from which we must draw other and more logical conclusions.

Petitioner's counsel contends further that since the sum of $66,357.04 was actually paid and since that amount was reflected in its surplus account on January 1, 1920, that the respondent should have included said amount in invested capital as earned surplus. In answer to this contention it is only necessary to say that the issue as defined by the pleadings, to which we must confine ourselves, is the existence or nonexistence of good will and the failure to prove as alleged must be fatal.

For failure to adduce sufficient evidence of the acquisition of good will in the amount alleged, the findings of the respondent must be approved.

The deficiency of $37.50 asserted by the respondent for 1921 has been conceded by the petitioner.

*Judgment will be entered for the respondent.*